Karen Boyd (State Bar No. 189808)
Steven W. Flanders (State Bar No. 206563)
TURNER BOYD LLP
2570 W. El Camino Real
Suite 380
Mountain View, CA 94040
Tel:  (650) 521-5930
Fax: (650) 521-5931
        boyd@turnerboyd.com
        flanders@turnerboyd.com

Craig R. Smith (*pro hac vice*)
William J. Seymour (*pro hac vice*)
Eric P. Carnevale (*pro hac vice*)
LANDO & ANASTASI, LLP
Riverfront Office Park
One Main Street – 11th Floor
Cambridge, MA 02142
Tel:  (617) 395-7000
Fax: (617) 395-7070
        csmith@lalaw.com
        wseymour@lalaw.com
        ecarnevale@lalaw.com

*Counsel for Foursquare Labs, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

EVOLUTIONARY INTELLIGENCE, LLC,

        Plaintiff-Counterclaim
        Defendant,

    v.

FOURSQUARE LABS, INC.,

        Defendant-Counterclaim
        Plaintiff.

**Case No. 3:13-cv-04203-MMC**

**MOTION TO STAY PENDING
*INTER PARTES* REVIEW**

Date: January 24, 2014
Time: 9:00 AM
Courtroom: No. 7, 19th Floor
Honorable Maxine M. Chesney

## <u>TABLE OF CONTENTS</u>

Table of Contents ........................................................................................................... i

Table of Authorities ...................................................................................................... ii

Notice of Motion and Motion ....................................................................................... 1

Statement of Requested Relief ...................................................................................... 1

I.      Introduction ........................................................................................................ 1

II.     Asserted Patents and Pending *Inter Partes* Reviews........................................ 2

III.    Procedural Background ...................................................................................... 3

IV.     Legal Standard .................................................................................................... 5

    A.   Policy in Favor of Granting Motions to Stay .............................................. 5

    B.   The New *Inter Partes* Review Procedure .................................................. 6

V.      Argument ............................................................................................................ 8

    A.   The Stage of This Case Favors a Stay ......................................................... 8

    B.   *Inter Partes* Review Will Simplify the Issues for Trial ............................ 9

    C.   A Stay Will Not Prejudice Evolutionary ..................................................... 11

VI.     Conclusion .......................................................................................................... 12

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378 (N.D. Cal. 1994) ............................ 5, 9

*Convergence Techs. (USA), LLC v. Microloops Corp.*, No. 5:10-cv-02051-EJD,
  2012 WL 1232187 (N.D. Cal. Apr. 12, 2012) ............................................................. 5

*Fjujitsu Ltd. v. Nanya Tech. Corp.*, No. 6-cv-06613-CW, 2007 WL 3314623
  (N.D. Cal. Nov. 6, 2007) ............................................................................... 7

*Fresenius USA, Inc. v. Baxter International Inc.*, 721 F.3d 1330 (Fed. Cir. 2013) .................. 9, 10

*Ho Keung Tse v. Apple Inc.*, No. 06-cv-06573-SBA, 2007 WL 2904279 (N.D.
  Cal. Oct. 4, 2007) ....................................................................................... 5, 8

*Implicit Networks, Inc. v. Advanced Micro Devices*, No. 08-cv-184-JLR, 2009
  WL 357902 (W.D. Wash. Feb. 9, 2009) ................................................................ 11

In re *Cygnus Telecomm'ns Tech.¸ LLC Patent Litig.*, 385 F. Supp. 2d 1022 (N.D.
  Cal. 2005) .................................................................................................. 5

*Internet Patents Corp. v. eBags, Inc.*, No. 12-cv-03385 SBA, 2013 WL 4609533
  (N.D. Cal. Aug. 28, 2013) ................................................................................ 8

*KLA-Tencor Corp. v. Nanometrics, Inc.*, No. 05-cv-03116-JSW, 2006 WL 708661
  (N.D. Cal. Mar. 16, 2006) ................................................................................ 8

*Market Alerts Pty, Ltd. v. Bloomberg Finance LP*, 922 F. Supp. 2d 486 (D. Del.
  2013) ...................................................................................................... 12

Paper 59, *Garmin v. Cuozzo,* IPR2012-00001 (P.T.A.B. 2013) ...................................... 7

*Photoflex Prods., Inc. v. Circa 3 LLC*, No. 04-cv-03715-JSW, 2006 WL 1440363
  (N.D. Cal. May 24, 2006) ................................................................................. 5

*Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-00494-EJD, 2011 WL
  4635512 (N.D. Cal. Oct. 5, 2011) ...................................................................... 6

*Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-cv-02168, 2011 WL 4802958
  (N.D. Cal. Oct. 11, 2011) ................................................................................ 9

*Rembrandt Gaming Techs., LP v. Boyd Gaming Corp.*, No. 2:12-cv-00775-MMD,
  2012 WL 6021339 (D. Nev. Dec. 3, 2012) .............................................................. 5

*Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. 12-cv-21-JST,
  2012 WL 7170593 (C.D. Cal. Dec. 19, 2012) ....................................................... 8, 11

*Software Rights Archive, LLC v. Facebook, Inc.*, Nos. 12-CV-3970-RMW, 12-CV-3971-RMW and 12-CV-3972-RMW, 2013 WL 5225522 (N.D. Cal. Sept. 17, 2013) ............................................................................................. passim

*Star Envirotech, Inc. v. Redline Detection, LLC*, No. 12-cv-01861-JGB, 2013 WL 1716068 (C.D. Cal. Apr. 3, 2013) ................................................................ 7

*Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, No. 94-cv-20775-RPA, 1995 WL 20470 (N.D. Cal. Jan. 13, 1995) ........................................................... 9

*Theranos, Inc. v. Fuisz Pharma LLC*, 11-cv-05236, 2012 WL 6000798 (N.D. Cal. Nov. 30, 2012) ................................................................................................ 4

*Wireless Recognition Tech. v. A9.com Inc.*, No. 12-cv-01217-EJD, 2012 WL 4005459 (N.D. Cal. Sept. 11, 2012) .................................................................. 8

*Yodlee, Inc. v. Ablaise Ltd.*, No.06-cv-07222-SBA, 2009 WL 112857 (N.D. Cal. Jan. 16, 2009) ...................................................................................................... 5

**Statutes**

35 U.S.C. § 311 ............................................................................................................ 6

35 U.S.C. § 311-19 (2006) .......................................................................................... 6

35 U.S.C. § 313 ............................................................................................................ 6

35 U.S.C. § 313 (2006) ............................................................................................... 6

35 U.S.C. § 314 ............................................................................................................ 7

35 U.S.C. § 315 ............................................................................................................ 7

35 U.S.C. § 316(a)(11) ........................................................................................... 6, 7

**Regulations**

37 C.F.R. § 42.107(b) .................................................................................................. 2

**Other Authorities**

*A Look at 1st Year Stats on* Inter Partes *Review*, LAW360 (Oct. 15, 2013), *available at* http://bit.ly/18lVsbW .................................................................... 7

*Danger of Death*, ECONOMIST (Feb. 14, 2013), *available at* http://econ.st/1c0hCE1 ............................................................................................ 11

Eric J. Rogers, *Ten Years of* Inter Partes *Patent Reexamination Appeals: An Empirical View*, 29 SANTA CLARA COMPUTER & HIGH TECH. L.J. 305 (2013) ...................... 6

**NOTICE OF MOTION AND MOTION**

      Please take notice that on January 24, 2014at 9:00 AM, or as soon thereafter as may be heard by the Court, Defendant Foursquare Labs, Inc. ("Foursquare") will respectfully move for a stay of the above captioned action until the conclusion of any *inter partes* review ("IPR") proceedings by the Patent Trial and Appeals Board ("PTAB" or the "Board") of U.S. Patent Nos. 7,010,536 (the "'536 Patent") and 7,702,682 (the "'682 Patent") (collectively "the Asserted Patents") asserted by Plaintiff Evolutionary Intelligence, LLC ("Evolutionary") in this action. This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities below, the Declaration of Eric P. Carnevale in Support of this Motion with accompanying exhibits ("Carnevale Decl.") and such other evidence and argument as may be presented at or before any hearing on this motion.

**STATEMENT OF REQUESTED RELIEF**

      Foursquare respectfully requests that the Court stay this action pending the final resolution of IPRs of the Asserted Patents.

**I.**      **INTRODUCTION**

      Foursquare has filed the instant Motion to Stay this case in view of 8 petitions for IPR filed on behalf of 4 of the 9 groups of defendants sued by Evolutionary.  The courts in this district routinely apply a liberal policy favoring such stays early in cases, and that policy is well served in this case for three reasons.

      First, Evolutionary filed its initial complaint over a year ago; but due the delay incumbent in transferring the case to the proper district this litigation is still in its very early stage.

      Second, a stay is likely to simplify the issues in this case.  There are 8 petitions for IPR filed against the Asserted Patents, and recent statistics indicate that it is very likely review will be instituted on at least some of the claims asserted by Evolutionary and that at least some (and

perhaps all) of the asserted claims will be canceled or amended. A stay will almost certainly prevent the unnecessary waste of judicial resources, and any claims that may survive IPR will have the benefit of a more developed intrinsic record supplemented by Evolutionary's statements before the PTAB.

Third, a stay of this litigation will not result in any undue prejudice or tactical disadvantage to Evolutionary. Evolutionary is a non-practicing entity that has no actual business other than suing companies for patent infringement. It does not compete with Foursquare, and has not sought a preliminary injunction. Courts have typically found, in cases such as this, that the mere delay inherent in IPR is not an *undue* prejudice, and therefore not a valid reason to deny a motion to stay.

For these reasons, and the reasons set forth below, Foursquare respectfully requests this Court GRANT its Motion to Stay Pending *Inter Partes* Review, and STAY this case.

## II.    ASSERTED PATENTS AND PENDING *INTER PARTES* REVIEWS

The asserted patents are directed to managing and manipulating data based on historical interactions, time, or three-dimensional space. *See, e.g.*, Carnevale Decl. Ex. 1, '536 Patent, Abstract, Claims 1 & 2; Carnevale Decl. Ex. 2, '682 Patent, Abstract, 6:10-19, Claim 1. Evolutionary has asserted the following claims against Foursquare: claims 1-16 of the '536 Patent and claims 1, 3-7, 10-11 and 14-23 of the '682 Patent.

On October 22-23, 2013, eight petitions for IPR were filed challenging the validity of all claims in the asserted patents. Carnevale Decl. Ex. 3. All eight of these petitions were filed within the statutorily mandated time period. 35 U.S.C. § 315(a)(1). Evolutionary has until January 23, 2014 to file a preliminary response to each of these petitions. 35 U.S.C. § 313; 37 C.F.R. § 42.107(b). The chart below summarizes the IPR petitions:

| Patent | Challenged Claims | Filing Date | Challenger | Case No. |
|--------|-------------------|-------------|------------|----------|
| '536 Patent | 15 and 16 | October 23, 2013 | Facebook | IPR 2014-00093 |
| '536 Patent | 1-16 (all claims) | October 23, 2013 | Yelp & Twitter | IPR 2014-00092 |
| '536 Patent | 1, 3-15 | October 22, 2013 | Apple | IPR 2014-00083 |
| '536 Patent | 1, 3-15 | October 22, 2013 | Apple | IPR 2014-00082 |
| '536 Patent | 2-14 and 16 | October 23, 2013 | Apple | IPR 2014-00085 |
| '536 Patent | 2-14 and 16 | October 22, 2013 | Apple | IPR 2014-00086 |
| '682 Patent | 1-23 (all claims) | October 22, 2013 | Apple | IPR 2014-00079 |
| '682 Patent | 1-23 (all claims) | October 23, 2013 | Apple | IPR 2014-00080 |

Carnevale Decl. Ex. 3.

All eight petitions cover more than one claim asserted against Foursquare.

## III.   PROCEDURAL BACKGROUND

On October 17, 2012, Evolutionary filed nine nearly identical cases in the Eastern District of Texas against nine groups of defendants, including Foursquare, alleging that each defendant had infringed multiple claims of both the '536 and '682 Patents.[1]  Evolutionary identified itself as a Delaware limited liability corporation with its principal place of business in California.  (Complaint, *Evolutionary Intelligence, LLC v. Foursquare Labs, Inc.*, Civ. A. No. 6:12-cv-00785 (E.D. Tex. Oct. 17, 2012) (ECF No. 1) (hereinafter the "Texas Action").  Neither Foursquare nor any of the other defendants sued by Evolutionary were incorporated in Texas or located in the Eastern District of Texas.  *See id.*  In all cases, venue was predicated on the

---

[1] The nine cases were identified as *Evolutionary Intelligence LLC v. Apple, Inc.*, Civ. A. No. 6:12-00783 (E.D. Tex. Oct. 17, 2012); *Evolutionary Intelligence LLC v. Facebook, Inc.*, Civ. A. No. 6:12-00784 (E.D. Tex. Oct. 17, 2012); *Evolutionary Intelligence LLC v. Foursquare Labs, Inc.*, Civ. A. No. 6:12-00785 (E.D. Tex. Oct. 17, 2012); *Evolutionary Intelligence LLC v. Groupon, Inc.*, Civ. A. No. 6:12-00787 (E.D. Tex. Oct. 17, 2012); *Evolutionary Intelligence LLC v. LivingSocial, Inc.*, Civ. A. No. 6:12-00789 (E.D. Tex. Oct. 17, 2012); *Evolutionary Intelligence LLC v. Millenial Media, Inc.*, Civ. A. No. 6:12-00790 (E.D. Tex. Oct. 17, 2012); *Evolutionary Intelligence LLC v. Sprint Nextel Corp.*, Civ. A. No. 6:12-00791 (E.D. Tex. Oct. 17, 2012); *Evolutionary Intelligence LLC v. Twitter, Inc.*, Civ. A. No. 6:12-00792 (E.D. Tex. Oct. 17, 2012); *Evolutionary Intelligence LLC v. Yelp, Inc.*, Civ. A. No. 6:12-00794 (E.D. Tex. Oct. 17, 2012).

defendants allegedly having transacted business or committed acts of infringement in that district.  *See id.*

All defendants opposed venue in the Eastern District of Texas and each, including Foursquare, filed a motion to transfer venue to the Northern District of California.  *See* Motion to Transfer, Texas Action (Dec. 21, 2012) (ECF No. 17).  All motions to transfer were opposed by Plaintiff.  *See* Opp. to Mot., Texas Action (Apr. 26, 2013) (ECF No. 30).  On August 27, 2013, Foursquare's motion was granted and the case was transferred to this Court, along with the eight other actions filed by Plaintiff.  *See* Memorandum Opinion and Order, Texas Action (Aug. 27, 2013) (ECF No. 58).

This case is in its infancy.  On May 22, 2013, Evolutionary served its identification of asserted claims and preliminary infringement contentions, *See* Notice of Disclosure, Texas Action (May 23, 2013) (ECF No. 43), and those infringement contentions will have to be amended or supplemented in order to be in compliance with this Court's local patent rules.[2]  The parties have exchanged initial disclosures.  Notice of Disclosure, Texas Action (Aug. 19, 2013) (ECF Nos. 56, 57).  No other critical dates specified in that court's Scheduling Order had passed prior to the transfer to this Court.  *See* Scheduling & Discovery Order § I, Texas Action (June 5, 2013) (ECF No. 49).

---

[2] In particular, Plaintiff's disclosures fail to provide the disclosures required under (i) Local P.R. 3-1(a) (applicable statutory subsections for each asserted claim), (ii) Local P.R. 3-1(d) (description of alleged contributory infringement and acts of induced infringement), (iii) the identification of the documents complying with Local P.R. 3-2(d) (all documents evidencing ownership of patent rights by Plaintiff), and, most important, (iv) Plaintiff's general disclosures are vague and fail to comply with the requirements of the Local Rules as articulated by this Court.  *See, e.g.*, *Theranos, Inc. v. Fuisz Pharma LLC*, 11-cv-05236, 2012 WL 6000798 (N.D. Cal. Nov. 30, 2012) (granting motion to strike plaintiff's infringement contentions for lack of sufficient detail and fair notice of the nature of the infringement claims alleged).

Motion to Stay Pending *Inter Partes* Review
Case No. 3:13-cv-04203-MMC                                                                4

## IV.   LEGAL STANDARD

### A.   Policy in Favor of Granting Motions to Stay

Courts in this district have long recognized "a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994); *see also Convergence Techs. (USA), LLC v. Microloops Corp.*, No. 5:10-cv-02051-EJD, 2012 WL 1232187, at *2 (N.D. Cal. Apr. 12, 2012) (same).[3]  "Courts need not expend unnecessary judicial resources by attempting to resolve claims which may be amended, eliminated or lucidly narrowed by the patent reexamination process and the expertise of [PTO] officers." *Rembrandt Gaming Techs., LP v. Boyd Gaming Corp.*, No. 2:12-cv-00775-MMD, 2012 WL 6021339, at *1 (D. Nev. Dec. 3, 2012) (internal quotations and citation omitted).  Thus, a stay is "particularly justified where the outcome of the [IPR] would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *See, e.g.*, *Convergence Techs.*, 2012 WL 1232187, at *1 (quoting from In re *Cygnus Telecomm'ns Tech.¸ LLC Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005)).

Courts have considered three factors in determining whether to grant a stay pending PTO review of an issued patent: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Software Rights Archive, LLC v. Facebook, Inc.*, Nos. 12-CV-3970-RMW, 12-CV-3971-RMW

---

[3] *Accord Yodlee, Inc. v. Ablaise Ltd.*, No.06-cv-07222-SBA, 2009 WL 112857, at *2 (N.D. Cal. Jan. 16, 2009) (same); *Ho Keung Tse v. Apple Inc.*, No. 06-cv-06573-SBA, 2007 WL 2904279, at *1 (N.D. Cal. Oct. 4, 2007) (same); *Photoflex Prods., Inc. v. Circa 3 LLC*, No. 04-cv-03715-JSW, 2006 WL 1440363, at *1 (N.D. Cal. May 24, 2006) (same).

and 12-CV-3972-RMW, 2013 WL 5225522, at *2 (N.D. Cal. Sept. 17, 2013) (new *inter partes* review); *see also Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-00494-EJD, 2011 WL 4635512, at *2 (N.D. Cal. Oct. 5, 2011) (old *inter partes* reexamination).

### B.     The New *Inter Partes* Review Procedure

IPR is relatively new procedure for challenging the validity of patents.  It became effective on September 16, 2012, through the Leahy-Smith America Invents Act and permits a petitioner to challenge one or more claims of a patent before the PTAB.  35 U.S.C. § 311.  The Board must decide whether to institute a review no later than three months after Plaintiff's deadline to file its preliminary response to a petition to review, 35 U.S.C. § 313, and the Board must reach a final determination on a review within 12 months of its institution in most cases.[4] 35 U.S.C. § 316(a)(11).

IPR replaces a procedure for post-issuance patent review in the Patent Act entitled *inter partes* reexamination.  *See* 35 U.S.C. § 311-19 (2006), *replaced by* Pub. L. 112-29, 125 Stat. 299 (2011).  This procedure possessed several flaws.  Pendency of a typical reexamination was, at its most efficient, over 4 years, and could vary by as much as 20 months.  Eric J. Rogers, *Ten Years of* Inter Partes *Patent Reexamination Appeals: An Empirical View*, 29 SANTA CLARA COMPUTER & HIGH TECH. L.J. 305, 344 (2013).  The bar for instituting a reexamination was also relatively low, in that the petitioner needed only raise a "substantial new question of patentability affecting a claim of a patent."  35 U.S.C. § 313 (2006).  Because of this long pendency and the belief of some judges that the low bar for instituting reexamination meant there was a similarly low likelihood reexamination would significantly simplify the issues for trial, some courts were reluctant to stay district court proceedings pending the completion of *inter partes* reexamination.

---

[4] The statute permits the Board to extend the deadline to reach a final determination by up to 6 months, for good cause.  35 U.S.C. § 316(a)(11).

*See Fujitsu Ltd. v. Nanya Tech. Corp.*, No. 6-cv-06613-CW, 2007 WL 3314623 (N.D. Cal. Nov. 6, 2007).

The new IPR procedure is designed to remedy many of the failings outlined above and provide a more realistic, cost-effective solution to complex patent litigation in the district courts. There is a statutory deadline to file petitions for IPR within 1 year of the filing of a civil action in a U.S. district court, 35 U.S.C. § 315, and there is a 1 year statutory deadline for reaching a final decision upon institution of a review.  35 U.S.C. § 316(a)(11).  The bar for instituting an IPR has also been raised, requiring a petitioner to demonstrate that there is "a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314.  Despite the higher bar for instituting a review, 91% of all IPR petitions have been either granted by the Board or resolved through settlement before a decision on the petition was reached.  *A Look at 1st Year Stats on* Inter Partes *Review*, Law360 (Oct. 15, 2013), *available at* http://bit.ly/18lVsbW.  The first final contested decision on the merits in an IPR was reached in 10 months, and in that case the Board found all of the patentee's claims unpatentable.  Paper 59, *Garmin v. Cuozzo,* IPR2012-00001 (P.T.A.B. 2013).

Thanks in part to the improvements IPR brings over *inter partes* reexamination, district courts within the Ninth Circuit have repeatedly affirmed that the "liberal policy" in favor of granting motions to stay proceedings pending the outcome of USPTO review applies with full force to IPR. *See, e.g.*, *Star Envirotech, Inc. v. Redline Detection, LLC*, No. 12-cv-01861-JGB, 2013 WL 1716068, at *2 (C.D. Cal. Apr. 3, 2013) (after noting the liberal policy in favor of granting stays adopted by the N.D. Cal. in the *ASCII Corp.* case, the court granted a stay pending petition for IPR and noted that "the amended standards for granting *inter partes* review probably results in an even higher likelihood than under the prior standard that the issues in the action will

be simplified by the reexamination") (internal quotations and citation omitted); *accord Software Rights*, 2013 WL 5225522, at *6; *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. 12-cv-21-JST, 2012 WL 7170593, at *4 (C.D. Cal. Dec. 19, 2012).

## V.   <u>ARGUMENT</u>

The three elements generally considered by district courts when deciding whether to grant a motion to stay pending review by the PTAB all favor a stay in this Case.  First, the stage of the litigation between the parties is early, and a trial date was just set in 2015.  Second, the IPR petitions filed against the Asserted Patents will very likely simplify or eliminate the issues for trial.  Finally, there is little to no danger of prejudice to Evolutionary should a stay in this case be granted.

### A.   **The Stage of This Case Favors a Stay**

The first element of the stay analysis focuses "on the stage of litigation proceedings, not the length of time that has passed since the filing of the case."  *Wireless Recognition Tech. v. A9.com Inc.*, No. 12-cv-01217-EJD, 2012 WL 4005459, at *2 (N.D. Cal. Sept. 11, 2012).  "'A stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery.'"  *Internet Patents Corp. v. eBags, Inc.*, No. 12-cv-03385 SBA, 2013 WL 4609533, at *2 (N.D. Cal. Aug. 28, 2013) (quoting *Ho Keung Tse v. Apple Inc.*, No. 06-cv-06573-SBA, 2007 WL 2904279, at *2-3 (N.D. Cal. Oct. 4, 2007)).

As discussed above, the early stage of this litigation weighs heavily in favor of a stay, and courts have repeatedly granted stays pending completion of proceedings at the PTO under similar circumstances.  *See Internet Patents*, 2013 WL 4609533, at *2; *Ho Keung Tse*, 2007 WL 2904279, at *2-3 ("A stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery."); *KLA-Tencor Corp. v. Nanometrics, Inc.*, No. 05-cv-03116-JSW, 2006 WL 708661, at *2 (N.D. Cal. Mar. 16, 2006) (granting stay where discovery

had just begun); *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, No. 94-cv-20775-RPA, 1995 WL 20470, at *2 (N.D. Cal. Jan. 13, 1995) (holding that the absence of significant discovery or substantial expense and time invested in the litigation weighed in favor of stay); *ASCII*, 844 F. Supp. at 1381 (granting stay where the parties had undertaken little or no discovery).

Indeed, courts in this district "strongly favor" granting stays pending the outcome of PTO proceedings when—as here—there has been no material progress in the litigation. *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-cv-02168, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011).

## B.   *Inter Partes* Review Will Simplify the Issues for Trial

The eight IPR petitions will streamline this litigation and may entirely eliminate it. The IPR petitions involve all of Evolutionary's asserted patent claims against Foursquare. Even if one or more claims survive, the IPR proceedings will narrow the issues in any future litigation. *See Pragmatus*, 2011 WL 4802958, at *3 (staying action prior to grant of *inter partes* reexamination in part because defendant's petition implicated all claims in the litigation).

Failing to stay this litigation, in fact, may result in an enormous waste of judicial and party resources. This was illustrated by the Federal Circuit's recent decision in *Fresenius USA, Inc. v. Baxter International Inc.*, 721 F.3d 1330 (Fed. Cir. 2013), which involved a long-running litigation before Judge Phyllis Hamilton. The *Fresenius* litigation began in 2003 and lasted for nearly a decade, including a jury verdict of infringement and an earlier appeal to and remand by the Federal Circuit, before the district court entered judgment in favor of the patent holder in 2012. *Id.* at 1332-35. The patent-in-suit had been found valid by a jury, which was affirmed by an interim decision from the Federal Circuit. *Id.* That same patent-in-suit, however, was also involved in a parallel reexamination proceeding resulting in a finding that all asserted claims

---

were obvious based on the prior art. *Id.* at 1334-35.  The district court had been asked during the reexamination to stay the case in light of the reexamination, but declined to do so. *Id.* at 1335.

The Federal Circuit held that the cancellation of the claims in the reexamination precluded the patent holder's infringement judgment, notwithstanding a jury verdict and an interim appellate decision finding the asserted patents valid.  The Federal Circuit reasoned that the cancellation of the asserted claims in the reexamination procedure required that the district court proceedings be vacated because "the reexamination statute restricts a patentee's ability to enforce the patent's original claims to those claims that survive reexamination in 'identical' form." *Id.* at 1339.

The *Fresenius* case provides a cautionary tale of the risks inherent in engaging in parallel litigation in both the district court and the USPTO.  While that case concerned the old *inter partes* reexamination procedure, the lesson applies with greater force to the new IPR procedure. Judge Whyte recently granted a stay based on the likelihood that some of the challenged claims will be struck down or amended:

> Although there is no guarantee that an IPR will eliminate all the claims at issue, the higher standard to initiate an IPR ("reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition" as opposed to "substantial new question of patentability") [for *inter partes* reexamination] gives at least some promise that certain challenged claims will be struck down or amended if the PTO grants the petitions.  In addition, the limited statistics available to the court do indicate a likelihood that the PTO will grant the IPR petitions, at least with respect to some of the asserted claims.

*Software Rights*, 2013 WL 5225522, at *5 (granting motion to stay pending IPR having previously denied a motion to stay pending *inter partes* reexamination).

The *Software Rights* case concerned only one IPR.  There are 8 petitions pending against the Asserted Patents in this case.  If each petition is assumed to have an independent 91% chance

of being granted with respect to at least one claim or settled before IPR can be instituted, *see supra*, section IV.B, the odds that Evolutionary will avoid IPR completely are less than 1 in 232,000,000.[5]  The PTAB *will* find reasonable likelihood that the petitioner would prevail with respect to at least 1 of the challenged claims, and this will simplify the issues for trial.  This factor strongly weighs in favor of a stay.

### C.    A Stay Will Not Prejudice Evolutionary

Evolutionary will not be unduly prejudiced by a stay, due to the fast statutory schedule for IPRs and the nature of Evolutionary's business and claims.  *Semiconductor*, 2012 WL 7170593, at *3 ("delay caused by the new [petition for IPR] procedure is significantly less than the delay caused by the old [reexamination] procedure").

Courts are reluctant to find prejudice where the parties are not direct competitors and the affected party has not requested a preliminary injunction.  *Software Rights*, 2013 WL 5225522, at *6; *Semiconductor Energy*, 2012 WL 7170593, at *4.  Delaying any monetary relief is simply not prejudicial.  *See, e.g.*, *Implicit Networks, Inc. v. Advanced Micro Devices*, No. 08-cv-184-JLR, 2009 WL 357902, at *3 (W.D. Wash. Feb. 9, 2009) ("Courts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement").  And courts generally have not found delay in filing a petition for IPR prejudicial when the petition is filed within the statutory window.  *Software Rights*, 2013 WL 5225522, at *6 ("Although defendants did wait nearly a year to file the IPR petitions, they properly filed the petitions within the statutory time frame").  While a stay pending the resolution of the IPRs will certainly delay this litigation, "the potential for delay alone does not establish

---

[5] To put this number in context, the odds of dying in an asteroid strike are roughly 1 in 74,817,414.  *Danger of Death*, ECONOMIST (Feb. 14, 2013), *available at* http://econ.st/1c0hCE1.

*undue* prejudice." *Market Alerts Pty, Ltd. v. Bloomberg Finance LP*, 922 F. Supp. 2d 486 (D. Del. 2013) (granting stay pending Covered Business Method Patent Review).

Evolutionary is a not-practicing entity and therefore does not compete with Foursquare. It has not requested a preliminary injunction, and monetary damages will be sufficient to compensate it for any alleged infringement, should any of its claims survive review by the PTAB. Evolutionary will not be prejudiced in the interim.

The only prejudice Evolutionary has alleged in discussions between the parties, aside from simple delay, is a loss of evidence. These concerns are unfounded. The parties have exchanged technical documents pursuant to the Scheduling and Discovery Order entered in the Texas Action, and Foursquare's source code and database schemas have already been preserved and are available for Plaintiff's inspection, pending the entry of a suitable protective order. Speculative fears of evidence loss for non-specific reasons is not evidence of undue prejudice. *Software Rights*, 2013 WL 5225522, at *5.

Given Evolutionary's status as a non-practicing entity, the anticipated speed of IPR, and the lack of any other valid basis for alleging undue prejudice, this factor strongly favors a stay.

## VI.   <u>CONCLUSION</u>

For the reasons set forth above, Foursquare respectfully requests this Court GRANT *Foursquare's Motion to Stay Pending* Inter Partes *Review* and **STAY** this action pending final, non-appealable resolution of the IPRs of the asserted patents.

Dated: December 17, 2013         Respectfully submitted,

By:    /s/ Eric P. Carnevale

Karen Boyd (State Bar No. 189808)
Steven W. Flanders (State Bar No. 206563)
TURNER BOYD LLP
2570 W. El Camino Real
Suite 380
Mountain View, CA 94040
Tel:  (650) 521-5930
Fax:  (650) 521-5931
     boyd@turnerboyd.com
     flanders@turnerboyd.com

Craig R. Smith (*pro hac vice*)
William J. Seymour (*pro hac vice*)
Eric P. Carnevale (*pro hac vice*)
LANDO & ANASTASI, LLP
Riverfront Office Park
One Main Street – 11th Floor
Cambridge, MA 02142
Tel:  (617) 395-7000
Fax:  (617) 395-7070
     csmith@lalaw.com
     wseymour@lalaw.com
     ecarnevale@lalaw.com

*Counsel for Foursquare Labs, Inc.*