| | |
|---|---|
| Karen Boyd (State Bar No. 189808) | Craig R. Smith (*pro hac vice*) |
| Steven W. Flanders (State Bar No. 206563) | William J. Seymour (*pro hac vice*) |
| TURNER BOYD LLP | Eric P. Carnevale (*pro hac vice*) |
| 2570 W. El Camino Real | LANDO & ANASTASI, LLP |
| Suite 380 | Riverfront Office Park |
| Mountain View, CA 94040 | One Main Street – 11th Floor |
| Tel:  (650) 521-5930 | Cambridge, MA 02142 |
| Fax:  (650) 521-5931 | Tel:  (617) 395-7000 |
| boyd@turnerboyd.com | Fax:  (617) 395-7070 |
| flanders@turnerboyd.com | csmith@lalaw.com |
| | wseymour@lalaw.com |
| | ecarnevale@lalaw.com |

*Counsel for Foursquare Labs, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EVOLUTIONARY INTELLIGENCE, LLC,<br><br>   Plaintiff-Counterclaim Defendant,<br><br>   v.<br><br>FOURSQUARE LABS, INC.,<br><br>   Defendant-Counterclaim Plaintiff. | **Case No. 3:13-cv-04203-MMC**<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO STAY PENDING *INTER PARTES* REVIEW** AND VACATING HEARING; DIRECTIONS TO PARTIES<br><br>Date: January 24, 2014<br>Time: 9:00 AM<br>Courtroom: No. 7, 19th Floor<br>Honorable Maxine M. Chesney |

~~On January 24, 2014,~~ Defendant's *Motion to Stay Pending* Inter Partes *Review* came ~~on for hearing at 9:00 AM,~~ before the Honorable Maxine M. Chesney. ~~Plaintiffs and Defendants were both represented by counsel.~~ Having read and considered the papers submitted in support of and in opposition to the motion, the Court deems the matter appropriate for decision thereon and VACATES the hearing set for January 24, 2014.

For the reasons set forth in Defendant's Motion, the supporting documents filed with the Motion, the record herein, ~~and the arguments of counsel,~~ and the Court orders as follows:

Defendant's *Motion to Stay Pending* Inter Partes *Review* is GRANTED. The Court's decision is based upon a review of the relevant case law, and the analysis of three factors traditionally considered in determining whether to stay a case pending the U.S. Patent & Trademark Office's ("PTO") review of a patent-in-suit: 1) whether discovery is complete and whether a trial date has been set; 2) whether a stay will simplify the issues in question and trial of the case; and 3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Software Rights Archive, LLC v. Facebook, Inc.*, Nos. 12-CV-3970-RMW, 12-CV-3971-RMW and 12-CV-3972-RMW, 2013 WL 5225522, at *2 (N.D. Cal. Sept. 17, 2013) (new *inter partes* review); *see also Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-00494-EJD, 2011 WL 4635512, at *2 (N.D. Cal. Oct. 5, 2011) (old *inter partes* reexamination). Accordingly, the court finds:

a) A stay is favored where, as here, the case is in the initial stage of litigation and there has been little discovery. *Internet Patents Corp. v. eBags, Inc.*, No. 12-cv-03385 SBA, 2013 WL 4609533, at *2 (N.D. Cal. Aug. 28, 2013).

b) A stay is likely to streamline this ligation based on the ~~high~~ likelihood that the Patent Trial and Appeals Board ("PTAB") will institute *inter partes* review with respect to at

[Proposed] Order Granting Defendant's Motion to Stay Pending Inter Partes Review

least one claim. *Software Rights*, 2013 WL 5225522, at *5. Additionally, because any *inter partes* review will likely be completed ~~before this case reaches trial~~ relatively expeditiously, see 35 U.S.C. §§ 314, 316(a)(11), a stay will promote judicial economy and the efficient use of judicial resources. *See, e.g.*, *Fresenius USA, Inc. v. Baxter International Inc.*, 721 F.3d 1330 (Fed. Cir. 2013) (remanding case with instructions to dismiss following ten years of litigation, after all asserted claims were canceled by the PTO during reexamination).

Plaintiff has not shown it will be unduly prejudiced by a stay. It

c) ~~A stay will not unduly prejudice Plaintiff, because it~~ has not sought a preliminary injunction and the parties are not direct competitors. *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. 12-cv-21-JST, 2012 WL 7170593, at *4 (C.D. Cal. Dec. 19, 2012). The potential for delayed resolution of this case, by itself, does not ~~cannot~~ constitute undue prejudice where any alleged infringement may eventually be redressed by monetary damages alone. *See, e.g. Implicit Networks, Inc. v. Advanced Micro Devices*, No. 08-cv-184-JLR, 2009 WL 357902, at *3 (W.D. Wash. Feb. 9, 2009).

For the foregoing reasons, and in light of the "liberal policy" in favor of granting motions to stay proceedings pending the outcome of PTO proceedings, see ASCII Corp. v. STD Entertainment USA, Inc., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994), the Court GRANTS Defendant's Motion to Stay, and this case is hereby STAYED pending the conclusion of all *inter partes* review proceedings of U.S. Patent Nos. 7,010,536 and 7,702,682, asserted by Evolutionary Intelligence, LLC in this action.

No later than six months from the date of this order, and every six months thereafter, the parties shall file a joint status report to apprise the Court of the status of the inter partes review

[Proposed] Order Granting Defendant's Motion to Stay Pending Inter Partes Review

Case No. 3:13-cv-04203-MMC                                                                                     2

proceedings.

     **IT IS SO ORDERED.**

Dated:  January 10, 2014

_____
THE HONORABLE MAXINE M. CHESNEY

[Proposed] Order Granting Defendant's Motion to Stay Pending Inter Partes Review

Case No. 3:13-cv-04203-MMC      3