UNITED STATES DISTRICT COURT
For the Northern District of California

1

2

3

4

5

6

7

8              UNITED STATES  DISTRICT COURT

9                Northern District of California

10                  San Francisco Division

11   EVOLUTIONARY INTELLIGENCE, LLC,          No. C 13-04203 MMC (LB)

12                    Plaintiff,           **ORDER REGARDING THE PARTIES'**
           v.                              **JOINT DISCOVERY DISPUTE**
13                                          **LETTER DATED FEBRUARY 20, 2014**
     FOURSQUARE LABS, et al.,
14                                          [RE: ECF No. 105]
                   Defendants.
15   _____/

16                    **INTRODUCTION**

17       Plaintiff Evolutionary Intelligence, LLC ("EI") filed this patent lawsuit against Defendant

18   Foursquare Labs on the ground that the Foursquare mobile device application and merchant platform

19   infringed EI's '536 and '682 patents, which describe and claim a computer-implemented method and

20   system for creating and manipulating information containers. *See* First Amended Complaint

21   ("FAC"), ECF No. 9 ¶¶ 8, 12; Joint Case Management Statement, ECF No. 88 at 1.[1]

22       The discovery dispute is about whether EI's litigation counsel, Marie McCrary (one of several

23   lawyers at Gutride Safier on the case), may represent EI in pending *inter partes* review ("IPR")

24   initiated by defendants in other cases. Joint Letter Brief, ECF No. 105 at 1.  Ms. McCrary had

25   access to Foursquare's discovery designated "highly confidential," which means that the protective

26   order arguably bars her participation in the IPR proceedings. *See id.* at 2.  EI proposes barring her

27

28       [1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-
     generated page numbers at the top of the document.

     C 13-04203 MMC (LB)
     ORDER

UNITED STATES DISTRICT COURT
For the Northern District of California

1  from participating in any claim or amendment drafting, which is a limitation generally found

2  sufficient by courts in this district to allow participation subject to the limitation in an IPR initiated

3  by the accused infringer.  *See, e.g., Grobler v. Apple, Inc.*, No. C 12-01534 JST (PSG), 2013 WL

4  3359274, at \*2 & n.8 (N.D. Cal. May 7, 2013) (collecting cases).  For the reasons set forth below,

5  including the fact that Ms. McCrary never substantively reviewed any of the documents and only

6  sorted them by category when she received them, the court allows her participation subject to the

7  limitation that she cannot participate in drafting or amending patent claims.

8                                                **STATEMENT**

9      Plaintiffs filed this lawsuit on October 17, 2012 in the Eastern District of Texas.  *See* ECF No. 1.

10  In October 2013, defendants in other cases (Apple, Facebook, Yelp, and Twitter) filed eight

11  petitions to initiate *inter partes* review ("IPR") of the patents in this case.  *See* Plaintiff's Motion to

12  Amend or Clarify the Protective Order, ECF No. 101 at 9.  Foursquare thereafter moved to stay the

13  case, and the district court stayed the case based on the case's being in the early stage of discovery,

14  the likelihood that the Patent Trial and Appeals Board would institute IPR relatively expeditiously

15  with respect to at least one claim, and the resulting promotion of judicial economy and efficient use

16  of judicial resources, and Plaintiff's not showing undue prejudice.  *See* ECF Nos. 89, 99 at 2-3.

17      Gutride Safier is EI's lead litigation counsel.  *See* Joint Letter Brief, ECF No. 105.  Three patent

18  lawyers there (Anthony Peck, Todd Kennedy, and Ms. McCrary) work on the case and have intimate

19  knowledge of the asserted patents' subject matter.  *See id.* at 2; Kennedy Decl., ECF No. 101-2, ¶ 4.

20  Ms. McCrary is a "relatively experienced patent litigator" who "has spent many hours representing

21  EI in this litigation."  Joint Letter Brief, ECF No. 105 at 3.  Two other lawyers (Adam Gutride and

22  Seth Safier) are listed on the pleadings.  *Id.* at 5.  EI's counsel explained at the hearing that the firm

23  has seven lawyers and focuses on class action and patent work, and Mr. Gutride and Mr. Safier are

24  the firm's founders and experienced trial lawyers who generally focus on class actions.

25      The documents at issue are approximately 14,000 documents produced in July 2013.  Motion,

26  ECF No. 101 at 11.  Some are marked "Highly Confidential."  *Id.*  At the hearing, Foursquare

27  clarified that the documents included some highly technical and confidential documents including

28  design documents for various implementations, which are about designs at the heart of what

UNITED STATES DISTRICT COURT
For the Northern District of California

1    Foursquare is about and provide details about systems that will be implemented in the future.  The

2    production also includes depositions of persons most knowledgeable who are technical witnesses.

3        Ms. McCrary spent 7.6 hours reviewing the 14,000 documents.  *See* Joint Letter Brief, ECF No.

4    105 at 3.  At the hearing, Foursquare pointed out that this description gives no insight into what Ms.

5    McCrary reviewed and how EI might use that review.  It noted that her access to the documents was

6    undisputed and pointed out that it allowed Mr. Peck and Mr. Kennedy to participate because they

7    had not reviewed, and promised that they would not review, any documents.  *See id.* at 2.  Ms.

8    McCrary responded, as she previously responded in her declaration, that she merely sorted the

9    production by categories into folders based on broad categories such as "deposition transcripts,"

10   "emails," and "technical documents."  *See* McCrary Decl., ECF No. 101-1 at 2.  She gave the

11   documents only a cursory review and did not prepare any written notes or summaries of the

12   documents.  *Id.*  She clarified at the hearing that she did not review the contents of the documents

13   and characterized her work as sorting into broad categories.  She explained that she verified this by

14   going back to her contemporaneous records and checking that she made no work product notes,

15   which she would have done for any content review.  She has not looked at the documents since her

16   sorting of them.  She basically said that she had no knowledge of the documents' contents.

17       EI says that Ms. McCrary's role will be limited to defending the currently-existing patent claims

18   against the allegations raised by the Petitioners in the IPR petitions.  *See* Motion, ECF No. 101 at 15.

19   She will not participate in drafting or amending claims.  *Id.*  At the hearing, EI said that it would

20   exclude her from all decisions "in any way, shape, or form" regarding claim drafting and

21   amendment.  *See* Joint Letter Brief, ECF No. 105 at 3 (making similar point).  She will not prosecute

22   the patents.  Her tasks are nearly identical to the tasks that she will perform in this litigation,

23   "includ[ing], for example, participating in: (i) preparing declarations for the witnesses of the patent

24   owner; (ii) defending depositions of the patent owner's witnesses; (iii) reviewing documents of the

25   inventor pertinent to issues in both the litigation and the IPR; (iv) reviewing the prior art raised in

26   the IPR petitions; (v) taking depositions of the Petitioner's declarants; and (vi) discussing with EI's

27   patent counsel responses to arguments advanced by Petitioners.  *See* ECF No. 101 at 16.

28

UNITED STATES DISTRICT COURT
For the Northern District of California

1    Foursquare offered to allow Ms. McCrary to participate in the IPR if EI agreed not to amend any

2    claims during the IPR.  Joint Letter Brief, ECF No. 105 at 2.  EI refused the offer but pointed out

3    that it has no right to amend the claims, must file a motion to do so, and bears the burden to prove

4    that the proposed amendment is supported by the initial written description and is narrower in scope

5    than the claim being amended.  *Id.* at 3.  It said at the hearing that even if Ms. McCrary had accessed

6    confidential information, which she did not, the risk of its use was exceedingly unlikely.  *See id.*

7    Paragraph 8 of the Model Protective Order (the "MPO"), which is  in place pursuant to N.D. Cal.

8    Patent L.R. 2-2, bars attorneys who have had access to highly confidential information from

9    participating in "prosecution" of applications directed to the subject matter of the disclosed

10   documents.  *See* Joint Letter Brief at 2.  "Prosecution" includes "drafting, amending, advising, or

11   otherwise affecting the scope or maintenance of patent claims" in, "for example, original

12   prosecution, reissue and reexamination proceedings."  *Id.*

13                                              **ANALYSIS**

14   "[T]he party seeking an exemption from a patent prosecution bar must show on a counsel-by

15   counsel basis: (1) that counsel's representation of the client in the PTO does not and is not likely to

16   implicate competitive decisionmaking related to the subject matter of the litigation so as to give rise

17   to a risk of inadvertent use of confidential information learned in litigation, and (2) that the potential

18   injury to the moving party from restrictions imposed on its choice of litigation and prosecution

19   outweighs the potential injury to the opposing party caused by such inadvertent use."  *In re Deutsche*

20   *Bank Trust Co. Americas,* 605 F. 3d 1373, 1381 (Fed. Cir. 2010).  "Any prosecution bar should

21   serve only to mitigate the risk of inadvertent use of proprietary information by a patentee, not to

22   unduly burden a patentee with additional expense."  *Software Rights Archive, LLC v. Facebook,*

23   *Inc.*, No. C 12-3970 RMW (PSG), 2014 WL 116366, at *2 (N.D. Cal. Jan. 13, 2014).[2]

24

25

26        [2]  The parties do not really dispute that the prosecution bar applies in IPR proceedings.  Some
     courts have rejected the application of the prosecution bar to reexamination or review proceedings
27   because neither permits broadening of patent claims.  *See Software Rights*, 2014 WL 116366, at *2.
     But claims may be restructured in those proceedings in a way that would benefit from access to an
28   alleged infringer's proprietary information, and IPR proceedings "carry the potential to
     modify–directly or indirectly–the scope or maintenance of patent claims."  *Id.* at *2-*3.

C 13-04203 MMC (LB)
ORDER                                                  4

1    If Foursquare were a party to the IPR proceedings, the limitations proposed by EI to Ms.

2  McCrary's involvement would be sufficient, as the IPR proceeding and this litigation would be "two

3  fronts in the same battle." *Id.* at 3.  That would mean that "allowing a limited role for a patentee's

4  litigation counsel while prohibiting counsel from crafting or amending claims is reasonable." *Id.*

5  That result is grounded in considerations of fairness: it would not be fair to allow a defendant to file

6  for reexamination while excluding plaintiff's counsel from participating in the reexamination,

7  thereby forcing a plaintiff to defend a patent in two forums with two teams of attorneys. *See id.*

8    That fairness concern–about a defendant's litigating in two forums, interfering with a plaintiff's

9  choice of counsel, and forcing a defense with two different legal teams in two forums–is not present

10  here because Foursquare did not initiate the IPR and is not participating in it.  On the other hand,

11  Foursquare potentially can take advantage of the efforts of the other defendants in the IPR

12  proceedings while avoiding the estoppel provisions of 35 U.S.C. § 315(e) in this litigation.

13    In the end, the court finds EI's proposed limitation to Ms. McCrary's participation reasonable

14  and sufficient given that she only sorted documents into folders and did not review the contents of

15  the documents.  The modest time she spent for 14,000 documents supports her representations, as

16  does her double-checking of her records to confirm that she did not engage in a content review.  The

17  court also is persuaded by EI's showing about the burden given eight IPR petitions asserted by four

18  defendants in other litigation.  Ms. McCrary may participate in the IPR proceeding with the

19  limitation that she cannot participate in any way with any crafting or amendment of patent claims.

20  *See Grobler*, 2013 WL 3359274, at *2.

21    In reaching this conclusion, the court finds relevant Foursquare's offer of allowing Ms.

22  McCrary's participation if EI agreed not to draft new claims or claim amendments during the IPR.

23  *See* Joint Letter Brief, ECF No. 105 at 2.  The issue is whether relevant highly-confidential

24  information could be helpful in drafting new claims or claim amendments, and the court concludes

25  that it could.  *See Software Rights*, 2014 WL 116366, at *2. -*3.  But just as not drafting new claims

26  or claims amendments addresses the risks, so too does Ms. McCrary's lack of knowledge about the

27  content of the highly-confidential information.  The court appreciates Foursquare's concern

28  (articulated at the hearing) about how can it be sure, but the risk of uncertainty about counsel's not

UNITED STATES DISTRICT COURT
For the Northern District of California

1  complying with his or her obligations is present in any litigation. And counsel is presumed to

2  comply with her obligations and the court's orders. Moreover, nothing in Ms. McCrary's

3  declaration under penalty of perjury or her statements at the hearing raised any concerns, and indeed,

4  her declaration and representations assuage any concerns and are sufficient to establish the

5  reasonableness of EI's proposed limitation on her participation in the IPR.

6  **CONCLUSION**

7  The court grants EI's motion to allow modification of the protective order's prosecution bar and

8  allows Ms. McCrary to participate in the IPR proceeding with the limitation that she cannot

9  participate in any way in any crafting or amendment of patent claims. Also, she cannot review

10  Foursquare's highly-confidential information. This disposes of ECF No. 105.

11  **IT IS SO ORDERED.**

12  Dated: March 28, 2014

 _____
 LAUREL BEELER
13  United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
For the Northern District of California

C 13-04203 MMC (LB)
ORDER

6